**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| *In re* | ) | Case No.08-20355 |
| | ) | |
| CORNERSTONE MINISTRIES INVESTMENTS, INC., | ) ) | CHAPTER 11 |
| | ) | JUDGE SACCA |
| Debtor. | ) ) ) ) | |
| | ) | |
| PLAN ADMINISTRATOR RONALD GLASS, | ) ) ) ) | |
| Objector. | ) ) | |
| vs. | ) ) | CONTESTED MATTER |
| DISALLOWING OR ESTIMATING CLAIMS AT ZERO DOLLARS, see Exhibit "A", | ) ) ) | |
| Claimants. | ) | |

**PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS
OBJECTION TO PROOFS OF CLAIM REQUESTING AN
ORDER DISALLOWING OR ESTIMATING AT ZERO DOLLARS
<u>THOSE CLAIMS LISTED IN EXHIBIT "A"</u>**

COMES NOW Plan Administrator Ronald Glass (the "<u>Plan Administrator</u>"), by and through counsel, pursuant to Sections 502(b) and (c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et al.* (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Order Granting the Plan Administrator's Motion for Approval of Claim Objection Procedures Pursuant to Section 105 of

1133818.1

the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007 [*Bankruptcy Docket No. 856*], and hereby files his Fourteenth Omnibus Objection to Proofs of Claim Requesting an Order Disallowing or Estimating at Zero Dollars those claims (the "Fourteenth Omnibus Objection") of its former Board of Director Members described herein (the "Claims") based on the grounds that any claims made against the Debtor by former members of the Debtor's board of directors are contingent and unliquidated and should be valued at zero dollars. ***Claimants receiving this Fourtheenth Omnibus Objection should search for their name and their claim on Exhibit "A" attached hereto and act accordingly.***  In further support of the Fourteenth Omnibus Objection, the Plan Administrator states as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over the Fourteenth Omnibus Objection pursuant to 28 U.S.C. § 334. The subject matter of the Fourteenth Omnibus Objection is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of this bankruptcy case and the Fourteenth Omnibus Objection is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 502(b) and (c) and 1106(a) of the Bankruptcy Code and Rules 3003(a) and 3007 of the Bankruptcy Rules.

### BACKGROUND

4. On February 10, 2008, Cornerstone Ministries Investments, Inc. (the "Debtor") filed its voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, thus commencing the above-styled bankruptcy case.

1133818.1

5. On March 11, 2008, the Debtor filed its schedule of assets and liabilities (the "Schedules") and its statement of financial affairs (the "Statement of Financial Affairs").

6. On September 8, 2008, the Court entered an order setting the final day to file proofs of claim as October 31, 2008.

7. On April 9, 2009, the Court entered an order approving the Plan of Liquidation proposed by the Debtor and the Official Committee of Creditors Holding Unsecured Claims (the "Plan").

8. The Plan Administrator was duly appointed in accordance with the terms of the Plan. The Plan authorizes the Plan Administrator to object to claims filed against the Debtor's bankruptcy estate.

### RELIEF REQUESTED

9. By this Fourteenth Omnibus Objection, the Plan Administrator requests that the Court enter an order pursuant to Sections 502 and 1106(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 3007 disallowing the Claims in full, or valuing the Claims at zero dollars.

10. The Claims objected to herein were filed by former members of the Debtor's board of directors, assumably for claims those former directors speculate may be filed against them in the future because of their service as a member of the Debtor's board of directors.

11. The Plan Administrator objects to the Claims because the Claims do not evidence an actual and existing debt owed by the Debtor. As such, the Claims should be disallowed in full.

12. Further, the Claims do not include evidence of any actual claim brought against the Claimant because of his or her service as a board member. As such, the Claims are contingent and unliquidated. To the extent the Claims are contingent and unliquidated, the Claims should be valued at zero dollars.

13. The Plan Administrator is still conducting the claims review process. As a result, the Plan Administrator reserves the right to object at a later time to the proofs of claim made the subject of this Fourteenth Omnibus Objection or the surviving proofs of claim on any and all other grounds. The Plan Administrator also reserves the right to object to any other proofs of claim filed in this bankruptcy case.

## NOTICE

14. A copy of this Fourteenth Omnibus Objection shall be served via the Court's CM/ECF system and served upon (i) the U.S. Trustee; (ii) the Debtor; (iii) counsel for the Official Committee of Creditors Holding Unsecured Claims; and (iv) each party against whose claim the Plan Administrator objected as listed on Exhibit "A". Claimants receiving this Fourteenth Omnibus Objection should search for their name and their claim on Exhibit "A". The Plan Administrator represents that such notice is adequate and complies with Rules 2002 and 3007 of the Bankruptcy Rules.

[REMAINDER OF PAGE LEFT BLANK]

WHEREFORE, PREMISES CONSIDERED, the Plan Administrator respectfully requests (i) entry of an order disallowing in full the Claims identified and described on Exhibit "A" attached hereto or valuing the Claims at zero dollars; and (ii) such further and additional relief that the Court deems appropriate.

Dated:  January 13, 2011.

/s/ David J. Marmins
David J. Marmins
Georgia Bar No. 470630
Walter E. Jones
Georgia Bar No. 163287
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd, NW, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile:  (866) 320-6793

*Attorney for Ronald Glass, Plan Administrator*

**CERTIFICATE OF SERVICE**

I, Walter E. Jones, certify under penalty of perjury that I am over the age of 18 and that on January 13, 2011, I filed and served a copy of the PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM REQUESTING AN ORDER DISALLOWING OR VALUING AT ZERO CLAIMS LISTED IN EXHIBIT "A" with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Additionally, I hereby certify that on January 13, 2011, a copy of the foregoing was sent to BMC Group, Inc, the Official Claims and Noticing Agent for the Clerk of Court who will serve the foregoing by U.S. First Class Mail, properly addressed and postage prepaid, on the persons or entities listed in Exhibit "A", the Core Group, and those parties who have requested special notice. Upon completion, the claims agent will prepare and file a secondary certificate of service with the Clerk of Court.

/s/ Walter E. Jones
Walter E. Jones
Georgia Bar No. 163287
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656