**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| *In re* | ) | Case No.08-20355 |
| | ) | |
| CORNERSTONE MINISTRIES | ) | CHAPTER 11 |
| INVESTMENTS, INC., | ) | |
| | ) | JUDGE SACCA |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| PLAN ADMINISTRATOR RONALD | ) | |
| GLASS, | ) | |
| | ) | |
| Objector. | ) | |
| | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| DISALLOWED CLAIMS, see Exhibit "A", | ) | |
| | ) | |
| Claimants. | ) | |
| | ) | |

**PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS
OBJECTION TO PROOFS OF CLAIM REQUESTING AN
ORDER DISALLOWING CLAIMS LISTED IN EXHIBIT "A"**

COMES NOW Plan Administrator Ronald Glass (the "Plan Administrator"), by and

through counsel, pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§

101 *et al.* (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Granting the Plan Administrator's Motion for

Approval of Claim Objection Procedures Pursuant to Section 105 of the Bankruptcy Code and

Federal Rule of Bankruptcy Procedure 3007 [*Bankruptcy Docket No. 856*], and hereby files his Thirteenth Omnibus Objection to Proofs of Claim Requesting an Order Disallowing Claims (the "Thirteenth Omnibus Objection") to the proofs of claim described herein on Exhibit "A" (the "Claims") based on the grounds that the Claims only reflect an equity interest in the Debtor and do not evidence a general unsecured debt owed by the Debtor.  ***Claimants receiving this Thirteenth Omnibus Objection should search for their name and their claim on Exhibit "A" attached hereto and act accordingly.***  In further support of the Thirteenth Omnibus Objection, the Plan Administrator states as follows:

### JURISDICTION & VENUE

1.      This Court has jurisdiction over the Thirteenth Omnibus Objection pursuant to 28 U.S.C. § 334.  The subject matter of the Thirteenth Omnibus Objection is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of this bankruptcy case and the Thirteenth Omnibus Objection is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Sections 502(b) and 1106(a) of the Bankruptcy Code and Rules 3003(a) and 3007 of the Bankruptcy Rules.

### BACKGROUND

4.      On February 10, 2008, Cornerstone Ministries Investments, Inc. (the "Debtor") filed its voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, thus commencing the above-styled bankruptcy case.

5.      On March 11, 2008, the Debtor filed its schedule of assets and liabilities (the "Schedules") and its statement of financial affairs (the "Statement of Financial Affairs").

6.      On September 8, 2008, the Court entered an order setting the final day to file proofs of claim as October 31, 2008.

7.      On April 9, 2009, the Court entered an order approving the Plan of Liquidation proposed by the Debtor and the Official Committee of Creditors Holding Unsecured Claims (the "Plan").

8.      The Plan Administrator was duly appointed in accordance with the terms of the Plan.  The Plan authorizes the Plan Administrator to object to claims filed against the Debtor's bankruptcy estate.

### RELIEF REQUESTED

9.      By this Thirteenth Omnibus Objection, the Plan Administrator requests that the Court enter an order pursuant to Sections 502 and 1106(a) of the Bankruptcy Code and Bankruptcy Rules 3003(c) and 3007 disallowing the Claims in full.

10.     The Plan Administrator objects to the Claims because the Claims only reflect an equity interest in the Debtor and do not evidence a debt owed by the Debtor.  In addition, the Debtor's books and records do not reflect a debt owed by the Debtor to the holder of the Claim.

11.     The Plan Administrator is still conducting the claims review process.  As a result, the Plan Administrator reserves the right to object at a later time to the proofs of claim made the subject of this Thirteenth Omnibus Objection or the surviving proofs of claim on any and all other grounds.  The Plan Administrator also reserves the right to object to any other proofs of claim filed in this bankruptcy case.

**NOTICE**

12.     A copy of this Thirteenth Omnibus Objection shall be served via the Court's CM/ECF system and served upon (i) the U.S. Trustee; (ii) the Debtor; (iii) counsel for the Official Committee of Creditors Holding Unsecured Claims; and (iv) each party against whose claim the Plan Administrator objected as listed on Exhibit "A".   Claimants receiving this Thirteenth Omnibus Objection should search for their name and their claim on Exhibit "A".  The Plan Administrator represents that such notice is adequate and complies with Rules 2002 and 3007 of the Bankruptcy Rules.

WHEREFORE, PREMISES CONSIDERED, the Plan Administrator respectfully requests (i) entry of an order disallowing in full the Claims identified and described on Exhibit "A" attached hereto and (ii) such further and additional relief that the Court deems appropriate.

Dated:  January 13, 2011.

/s/ David J. Marmins
David J. Marmins
Georgia Bar No. 470630
Walter E. Jones
Georgia Bar No. 163287
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd, NW, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile:  (866) 320-6793

*Attorney for Ronald Glass, Plan Administrator*

1133819.1

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I, Walter E. Jones, certify under penalty of perjury that I am over the age of 18 and that on January 13, 2011, I filed and served a copy of the PLAN ADMINISTRATOR'S THIRTEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM REQUESTING AN ORDER DISALLOWING CLAIMS LISTED IN EXHIBIT "A" with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Additionally, I hereby certify that on January 13, 2011, a copy of the foregoing was sent to BMC Group, Inc, the Official Claims and Noticing Agent for the Clerk of Court who will serve the foregoing by U.S. First Class Mail, properly addressed and postage prepaid, on the persons or entities listed in Exhibit "A", the Core Group, and those parties who have requested special notice.  Upon completion, the claims agent will prepare and file a secondary certificate of service with the Clerk of Court.

Dated:  January 13, 2011.

/s/ Walter E. Jones
Walter E. Jones
Georgia Bar No. 163287
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656